| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

| In re: | CASE NO.: |
|---|---|
| | CHAPTER: 11 |
| | **INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** |
| | DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |
| Debtor(s). | |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**Article I**
**Treatment of Unclassified Claims**

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                                Page 1                                                **F 2081-1.PLAN**

      A.    <u>Professional Fees</u>.  Professional fees may only be paid upon application to and approval by the court.  The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

      B.    <u>Other Administrative Claims</u>.  The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

      C.    <u>Tax Claims</u>. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with _____% interest in equal amortized payments in accordance with § 511.   Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the  entry of the order for relief.[3]

      D.    <u>Involuntary Gap Period Claims pursuant to § 507(a)(3)</u>.  The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

## Article II
## Classification and Treatment of Claims

**Classes 1(a)-(e):  Priority Claims**.

      These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated as follows (*Check each box that applies*):

☐    Debtor has no creditors in Class 1

☐    Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4).  The Debtor proposes to pay each claim in Class 1(b) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5).  The Debtor proposes to pay each claim in Class 1(c) in full over _____ years, with _____% postconfirmation interest.  Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.

---

[1]  Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
[2]  Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
[3]  Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C)  IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of __% and maturity on _____.  This treatment is at least as favorable as that received by Class 6(b)."
[4]  This treatment is required by § 1129(a)(9)(A).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*    Page 2    **F 2081-1.PLAN**

☐ **Class 1(d):** Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ **Class 1(e):** <u>Consumer deposit claims entitled to priority under § 507(a)(7)</u>. The Debtor proposes to pay each claim in Class 1(e) in full over _____ years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

    A.    <u>Unimpaired secured claims on Debtor's principal residence</u>. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a):  Secured claim of: _____
    Property address or description of collateral: _____
    Priority of lien: _____
    Total amount of allowed claim: $_____
    Amount of arrearages: $_____
    Regular monthly payment: $_____

Class 2(b):  Secured claim of: _____
    Property address or description of collateral: _____
    Priority of lien: _____
    Total amount of allowed claim: $_____
    Amount of arrearages: $_____
    Regular monthly payment: $_____

    B.    <u>Impaired secured claims on Debtor's principal residence</u>. These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan. The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments). The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c):  Secured claim of: _____
    Property address or description of collateral: _____
    Priority of lien: _____
    Amount of arrearages: $_____
    Total amount of allowed claim as of _____:
    ☐ Monthly ☐ quarterly Cure Payment amount: $_____
    ☐ Monthly ☐ quarterly Regular Payment amount: $_____
    Total ☐ monthly ☐ quarterly payments: $_____
    Total amount of payments (over time) to satisfy the secured claim: $_____
    Interest rate (to compensate creditor because claim is paid over time): _____%
    First payment date: _____

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

                Amount of each installment: $ _____
                Frequency of payments: _____
                Total yearly payments: $ _____
                Final payment date: _____
                Monthly payments will be due on the first day of the month.

Class 2(d):  Secured claim of: _____
                Property address or description of collateral: _____
                Priority of lien: _____
                Amount of arrearages: $ _____
                Total amount of allowed claim as of: _____
                ☐ Monthly ☐ quarterly Cure Payment amount: $ _____
                ☐ Monthly ☐ quarterly Regular Payment amount: $ _____
                Total ☐ monthly ☐ quarterly payments: $ _____
                Total amount of payments (over time) to satisfy the secured claim: $ _____
                Interest rate (to compensate creditor because claim is paid over time): _____%
                First payment date: _____
                Amount of each installment: $ _____
                Frequency of payments: _____
                Total yearly payments: $ _____
                Final payment date: _____
                Monthly payments will be due on the first day of the month.

**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

      This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

      These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a):  Secured claim of: _____
                Description of collateral: _____
                Priority of lien: _____
                Total amount of allowed claim: $ _____
                Amount of arrearages: $ _____
                Regular monthly payment: $ _____

Class 3(b):  Secured claim of: _____
                Description of collateral: _____
                Priority of lien: _____
                Total amount of allowed claim: $ _____
                Amount of arrearages: $ _____
                Regular monthly payment: $ _____

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*      Page 4      **F 2081-1.PLAN**

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

  This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor: ☐ not later than Effective Date   ☐ by (*date*):_____

  Class 4(a): Secured claim of: _____
      Description of collateral: _____
  Class 4(b): Secured claim of: _____
      Description of collateral: _____

**Class 5: Impaired secured claims**

  The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

  The secured portion of the following impaired class(es) shall be paid as set forth below. The arrearages in the sum of $_____ shall be paid over _____ years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

  The following chart lists Class 5 claims and their proposed treatment under the Plan:

  Class 5(a): Secured claim of: _____
      Property address or description of collateral: _____
      Priority of lien: _____
      Amount of arrearages: $_____
      Total amount of allowed claim as of: _____
      ☐ monthly ☐ quarterly Cure Payment amount: $_____
      ☐ monthly ☐ quarterly Regular Payment amount: $_____
      Total ☐ monthly ☐ quarterly payments: $_____
      Total amount of payments (over time) to satisfy the secured claim: $_____
      Interest rate (to compensate creditor because claim is paid over time): _____%
      First payment date: _____
      Amount of each installment: $_____
      Frequency of payments: _____
      Total yearly payments: $_____
      Final payment date: _____
      Monthly payments will be due on the first day of the month.

  Class 5(b): Secured claim of: _____
      Property address or description of collateral: _____
      Priority of lien: _____
      Total amount of allowed secured claim as of: _____
      Total amount of payments (over time) to satisfy the secured claim: $_____
      Interest rate (to compensate creditor because claim is paid over time): _____
      First payment date: _____
      Amount of each installment: $_____
      Frequency of payments: _____
      Total yearly payments: $_____
      Final payment date: _____
      Monthly payments will be due on the first day of the month.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*      Page 5      **F 2081-1.PLAN**

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6:  General Unsecured Claims**.

☐   Class 6(a):  Smaller Unsecured Claims.  This class includes any allowed unsecured claim of $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____.  Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is unimpaired and not entitled to vote on the plan.

☐   Class 6(b):  Other General Unsecured Creditors.  This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority.  Each member of Class 6(b) shall be paid _____% of its claim over _____ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar ☐ month ☐ quarter, ☐ with interest at the rate of _____% per annum ☐ without interest starting on the first such date after the Effective Date.  If payments are not proposed as equal monthly installments, they will be paid as follows:

This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

**Article III**
**Allowance and Disallowance of Claims**

A.    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    Delayed Distribution on Disputed Claims.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $_____, in which case no court approval is necessary.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                                Page 6                                                **F 2081-1.PLAN**

## Article IV
### Executory Contracts and Unexpired Leases

    A.    <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

    B.    <u>Executory Contracts and Leases Rejected</u>.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
### Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a. ☐ $_____ of cash available on the date of the Plan confirmation hearing;
b. ☐ A sale of the following property (*describe*) _____
_____,
described in the Plan, which the Debtor estimates will produce $_____;
c. ☐ additional cash from projected disposable income (projected to be $_____/month for the _____ year(s)[5] following confirmation); and/or
d. ☐ other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI
### Discharge and Other Effects of Confirmation

    A.    <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

    B.    <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

    C.    <u>Plan Creates New Obligations</u>.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

    D.    <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:  (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

    E.    <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011     Page 7     **F 2081-1.PLAN**

may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either:  (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

  F. <u>Retention of Jurisdiction</u>.  This court retains jurisdiction until all Plan payments have been made.

## Article VII
## General Provisions

  A. <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

  B. <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

  C. <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

  D. <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

  E. <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

  F. <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

  G. Final Decree.  Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered.   The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

  H. Miscellaneous Provisions: _____
_____
_____
_____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*  Page 8  **F 2081-1.PLAN**

I. ☐ Addendum attached, see addendum.

Date: 4/18/2012

By: _____
Signature of Debtor

Name: David Lin and Christine Yiu
Printed name of Debtor

Date: 4/18/2012

By: _____
Signature of attorney for Debtor, if any

Name: Michael J. Jaurigue
Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011

Page 9

F 2081-1.PLAN